United States District Court
Eastern District of Michigan
Northern Division

United States of America,

        Plaintiff,

                                Hon. Thomas L. Ludington

v.

                                Case No. Case No.

Kimmara Davis,

        Defendant.

_____/

## Plea Agreement

The United States of America and the defendant, Kimmara Davis, have reached a plea agreement under Federal Rule of Criminal Procedure 11. The plea agreement's terms are:

**1.   Count of Conviction**

The defendant will waive her right to an indictment and will plead guilty to Count 1 of the information which charges the defendant with Student Loan Fraud and Attempted Student Loan Fraud under 20 U.S.C. § 1097(a).

**2.   Statutory Minimum and Maximum Penalties**

The defendant understands that the count to which she is pleading guilty carries the following minimum and maximum statutory penalties:

| Count 1 | Term of imprisonment: | Up to 5 years |
|---------|----------------------|---------------|
|         | Fine:                | Up to $20,000 |
|         | Term of supervised release: | Up to 3 years |

3. **Agreement Not to Bring Additional Charges**

If the Court accepts this agreement and imposes sentence consistent with its terms, the United States Attorney's Office for the Eastern District of Michigan will not bring additional charges against the defendant for the conduct reflected in the factual basis.

4. **Elements of Count of Conviction**

The elements of Student Loan Fraud are: (1) the defendant knowingly and willfully obtained by fraud, false statement, or forgery, funds, assets, or property; and (2) said funds, assets, or property were provided or insured under subchapter IV of Chapter 28 of United States Code Title 20.

The elements of Attempted Student Loan Fraud are: (1) the defendant intended to commit the crime of Student Loan Fraud under 20 U.S.C. § 1097(a); and (2) the defendant did some overt act that was a substantial step toward that crime.

Doc ID: f278af8a0ae4e262eed8d417bc170c6403824946

5. **Factual Basis**

The parties agree that the following facts are true, accurately describe the defendant's role in the offense, and provide a sufficient factual basis for the defendant's guilty plea:

> *On or about January 4, 2019, in the Eastern District of Michigan and elsewhere, the defendant Kimmara Davis, knowingly and willfully obtained by fraud, false statement, and forgery, funds provided and insured under subchapter IV of Chapter 28 of Title 20, United States Code.*
>
> *On or about September 17, 2018, Davis knowingly enrolled W.K. as a student at Central Michigan University (CMU). At the same time, Davis enrolled W.K. into semester classes and applied for student financial assistance, knowing that the funds received would not be used for educational purposes. The financial assistance application for Federal Student Aid included a Pell grant and a federal student loan request. Davis submitted the enrollment and financial aid application from her residence in the Eastern District of Michigan, which was received by CMU, also located in the Eastern District of Michigan. The applications submitted by Davis on behalf of W.K. were fraudulent in that defendant knew that W.K. was not a student at CMU and did not intend to complete any of the requirements for receipt of student aid. For W.K. to continue to appear eligible to receive student financial aid in the future, defendant completed preliminary course work on his behalf. Based on defendant's fraudulently filed student aid applications, on September 27, 2018, a federal student loan in the amount of $5,250 was distributed in the name of W.K. Additional funds were disbursed on January 4, 2019, in the amounts of $2,815 (federal student loan) and $3,048 (Pell grant). The fraudulent funds were not used for education-related expenses. The funds that were distributed to defendant*

*were provided and insured under Subchapter IV of Chapter 28 of United States Code Title 20.*

*Between 2018 and 2020, the defendant knowingly engaged in similar conduct on behalf of an additional 24 individuals fraudulently receiving $385,159 in funds provided and insured by the Department of Education under Subchapter IV of Chapter 28 of United States Code Title 20.*

## 6. Advice of Rights

The defendant has read the information, has discussed the charges and possible defenses with her attorney, and understands the crime charged. The defendant understands that, by pleading guilty, she is waiving many important rights, including the following:

    A.    The right to plead not guilty and to persist in that plea;

    B.    The right to a speedy and public trial by jury;

    C.    The right to be represented by counsel—and, if necessary, have the court appoint counsel—at trial;

    D.    The right to be presumed innocent and to require the government to prove the defendant guilty beyond a reasonable doubt at trial;

    E.    The right to confront and cross-examine adverse witnesses at trial;

    F.    The right to testify or not to testify at trial, whichever the defendant chooses;

G. If the defendant chooses not to testify at trial, the right to have the jury informed that it may not treat that choice as evidence of guilt;

H. The right to present evidence or not to present evidence at trial, whichever the defendant chooses; and

I. The right to compel the attendance of witnesses at trial.

## 7. Collateral Consequences of Conviction

The defendant understands that her conviction here may carry additional consequences under federal or state law. The defendant understands that, if she is not a United States citizen, her conviction here may require her to be removed from the United States, denied citizenship, and denied admission to the United States in the future. The defendant further understands that the additional consequences of her conviction here may include, but are not limited to, adverse effects on the defendant's immigration status, naturalized citizenship, right to vote, right to carry a firearm, right to serve on a jury, and ability to hold certain licenses or to be employed in certain fields. The defendant understands that no one, including the defendant's attorney or the Court, can predict to a certainty what the additional consequences of the defendant's conviction might be. The defendant nevertheless affirms that the

defendant chooses to plead guilty regardless of any immigration or other consequences from her conviction.

8. Defendant's Guideline Range

   A. Court's Determination

   The Court will determine the defendant's guideline range at sentencing.

   B. Acceptance of Responsibility

   The government recommends under Federal Rule of Criminal Procedure 11(c)(1)(B) that the defendant receive a two-level reduction for acceptance of responsibility under USSG § 3E1.1(a). Further, if the defendant's offense level is 16 or greater and the defendant is awarded the two-level reduction under USSG § 3E1.1(a), the government recommends that the defendant receive an additional one-level reduction for acceptance of responsibility under USSG § 3E1.1(b). If, however, the government learns that the defendant has engaged in any conduct inconsistent with acceptance of responsibility—including, but not limited to, making any false statement to, or withholding information from, her probation officer; obstructing justice in any way; denying her guilt on the offense to which she is pleading guilty; committing additional crimes

after pleading guilty; or otherwise demonstrating a lack of acceptance of responsibility as defined in USSG § 3E1.1—the government will be released from its obligations under this paragraph, will be free to argue that the defendant not receive *any* reduction for acceptance of responsibility under USSG § 3E1.1, and will be free to argue that the defendant receive an enhancement for obstruction of justice under USSG § 3C1.1.

### C. Other Guideline Recommendations

The parties also recommend under Federal Rule of Criminal Procedure 11(c)(1)(B) that the following guideline provision applies:

- Loss Amount exceeds $250,000; U.S.S.G. § 2B1.1(b)(1)(G)

### D. Factual Stipulations for Sentencing Purposes

The parties have no additional factual stipulations for sentencing purposes.

### E. Parties' Obligations

Both the defendant and the government agree not to take any position or make any statement that is inconsistent with any of the guideline recommendations or factual stipulations in paragraphs 8.B,

8.C, or 8.D. Neither party is otherwise restricted in what it may argue or present to the Court as to the defendant's guideline calculation.

### F.  Not a Basis to Withdraw

The defendant understands that she will have no right to withdraw from this agreement or withdraw her guilty plea if she disagrees, in any way, with the guideline range determined by the Court, even if that guideline range does not incorporate the parties' recommendations or factual stipulations in paragraphs 8.B, 8.C, or 8.D. The government likewise has no right to withdraw from this agreement if it disagrees with the guideline range determined by the Court.

## 9.  Imposition of Sentence

### A.  Court's Obligation

The defendant understands that in determining her sentence, the Court must calculate the applicable guideline range at sentencing and must consider that range, any possible departures under the sentencing guidelines, and the sentencing factors listed in 18 U.S.C. § 3553(a) and apply any applicable mandatory minimums.

### B.  Imprisonment

#### 1.  Recommendation

Under Federal Rule of Criminal Procedure 11(c)(1)(B), the government recommends that the defendant's sentence of imprisonment on Count 1 not exceed the bottom of the defendant's guideline range as determined by the Court.

### 2. No Right to Withdraw

The government's recommendation in paragraph 9.B.1 is not binding on the Court. The defendant understands that she will have no right to withdraw from this agreement or withdraw her guilty plea if the Court decides not to follow the government's recommendation. The government likewise has no right to withdraw from this agreement if the Court decides not to follow the government's recommendation. If however, the Court rejects or purports to reject any other term or terms of this plea agreement, the government will be permitted to withdraw from the agreement.

### C. Supervised Release

### 1. Recommendation

Under Federal Rule of Criminal Procedure 11(c)(1)(B), the parties recommend that the Court impose a 2-year term of supervised release.

### 2. No Right to Withdraw

The parties' recommendation is not binding on the Court. The defendant understands that she will have no right to withdraw from this agreement or withdraw her guilty plea if the Court decides not to follow the parties' recommendation. The defendant also understands that the government's recommendation concerning the length of the defendant's sentence of imprisonment, as described above in paragraph 9.B.1, will not apply to or limit any term of imprisonment that results from any later revocation of the defendant's supervised release.

### D. Fines

There is no recommendation or agreement as to a fine.

### E. Restitution

The Court must order restitution to every identifiable victim of the defendant's offense. The parties agree that defendant shall pay restitution in the amount of $385,159 to the Department of Education.

The defendant agrees that restitution is due and payable immediately after the judgment is entered and is subject to immediate enforcement, in full, by the United States. 18 U.S.C. §§ 3612(c) and 3613. If the Court imposes a schedule of payments, the defendant agrees that

the schedule of payments is a schedule of the minimum payment due, and that the payment schedule does not prohibit or limit the methods by which the United States may immediately enforce the judgment in full.

The defendant agrees to make a full presentence disclosure of her financial status to the United States Attorney's Office by completing a Financial Disclosure Form and the accompanying releases for the purpose of determining her ability to pay restitution. The defendant agrees to complete and return the Financial Disclosure Form within three weeks of receiving it from government counsel. The defendant agrees to participate in a presentencing debtor's examination if requested to do so by government counsel.

### G. Special Assessment

The defendant understands that she will be required to pay a special assessment of $100.00, due immediately upon sentencing.

## 10. Appeal Waiver

The defendant waives any right she may have to appeal her conviction on any grounds. The defendant also waives any right she may have to appeal her sentence on any grounds, unless her sentence of

imprisonment exceeds the top of the guideline range as determined by the Court.

11. Collateral Review Waiver

The defendant retains the right to raise claims alleging ineffective assistance of counsel or prosecutorial misconduct, as long as the defendant properly raises those claims by collateral review under 28 U.S.C. § 2255. The defendant also retains the right to pursue any relief permitted under 18 U.S.C. § 3582(c), as long as the defendant properly files a motion under that section. The defendant, however, waives any other right she may have to challenge his conviction or sentence by collateral review, including, but not limited to, any right she may have to challenge her conviction or sentence on any grounds under 28 U.S.C. § 2255 (except for properly raised ineffective assistance of counsel or prosecutorial misconduct claims, as described above), 28 U.S.C. § 2241, or Federal Rule of Civil Procedure 59 or 60.

12. Consequences of Withdrawal of Guilty Plea or Vacation of Judgment

If the defendant is allowed to withdraw her guilty plea, or if the defendant's conviction or sentence under this agreement is vacated, the government may reinstate any charges against the defendant that were

dismissed as part of this agreement and may file additional charges against the defendant relating, directly or indirectly, to any of the conduct underlying the defendant's guilty plea or any relevant conduct. If the government reinstates any charges or files any additional charges as permitted by this paragraph, the defendant waives her right to challenge those charges on the ground that they were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

### 13. Use of Withdrawn Guilty Plea

The defendant agrees that if she is permitted to withdraw her guilty plea for any reason, she waives all of her rights under Federal Rule of Evidence 410, and the government may use her guilty plea, any statement that the defendant made at her guilty plea hearing, and the factual basis set forth in this agreement, against the defendant in any proceeding.

### 14. Parties to Plea Agreement

This agreement does not bind any government agency except the United States Attorney's Office for the Eastern District of Michigan.

Doc ID: f278af8a0ae4e262eed8d417bc170c6403824946

### 15. Scope of Plea Agreement

This plea agreement is the complete agreement between the parties and supersedes any other promises, representations, understandings, or agreements between the parties concerning the subject matter of this agreement that were made at any time before the guilty plea is entered in court. Thus, no oral or written promises made by the government to the defendant or to the attorney for the defendant at any time before the defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this plea agreement. If the parties have entered, or subsequently enter, into a written proffer or cooperation agreement, though, this plea agreement does not supersede or abrogate the terms of that agreement. This plea agreement also does not prevent any civil or administrative actions against the defendant, or any forfeiture claim against any property, by the United States or any other party.

### 16. Acceptance of Agreement by Defendant

This plea offer expires unless it has been received, fully signed, in the United States Attorney's Office by [Time] on [Date]. The government

Doc ID: f278af8a0ae4e262eed8d417bc170c64013824946

may withdraw from this agreement at any time before the defendant pleads guilty.

Dawn N. Ison<br>
United States Attorney

_Anthony P. Vann_            _Katharine Hemann_

Anthony P. Vance          Katharine Hemann
Assistant United States Attorney    Assistant United States Attorney
Chief, Branch Offices

Dated: December 14, 2023

     By signing below, the defendant and her attorney agree that the defendant has read or been read this entire document, has discussed it with her attorney, and has had a full and complete opportunity to confer with her attorney. The defendant further agrees that she understands this entire document, agrees to its terms, has had all of her questions answered by her attorney, and is satisfied with her attorney's advice and representation.

_David Steingold_            _signature_

David Steingold            Kimmara Davis
Attorney for Defendant       Defendant

Dated: 12 / 12 / 2023